FILED & ENTERED

APR 10 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Better 4 You Breakfast, Inc.,<br><br><br><br><br><br>Debtor(s),<br><br>Better 4 You Breakfast, Inc.,<br><br>Plaintiff(s),<br><br>Vs.<br><br>Intrepid Investment Bankers LLC,<br><br>Defendant(s). | Case No.: 2:22-bk-10994-BB<br><br>Chapter: 11<br><br>Adversary No.: 2:23-ap-01301-BB<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 8002(d)(1)(B)**<br><br><br><br>[No hearing] |

    Before the Court is the Motion for Extension of Time to File Notice of Appeal ("Motion") filed by plaintiff Better 4 You Breakfast, Inc., pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1)(B). For the reasons set forth below, the Motion is DENIED.

**I. Background**

On March 6, 2025, the Court entered its order and judgment in favor of defendant Intrepid Investment Bankers LLC granting its motion for summary judgment against plaintiff Better 4 You Breakfast, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), the deadline to file a notice of appeal was 14 days later -- March 20, 2025. Movant failed to file a notice of appeal by that deadline. Instead, counsel filed a notice of appeal on April 2, 2025 -- 13 days after the appeal period had expired (two amended notices of appeal were subsequently filed on April 3, 2025, to correct various technical defects). Movant now seeks an extension of time under Rule 8002(d)(1)(B), under which a court may permit a late-filed notice of appeal upon a showing of excusable neglect.

**II. Legal Standard**

Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) permits a court to authorize an extension of the 14-day appeal deadline if "the notice of appeal was not timely filed as a result of excusable neglect." The Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993), directed courts to consider four factors in evaluating whether movant has met the required standard: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings: (3) the reason for the delay, including whether it was within the reasonable control of the movant: and (4) whether the movant acted in good faith.

In <u>Pincay v. Andrews</u>, 389 F.3d 853 (9th Cir. 2004), the Ninth Circuit emphasized that courts have broad discretion to evaluate excusable neglect in the context of each case and affirmed that, in an appropriate case, calendaring errors may constitute excusable neglect. However, it is worthy of note that, in that decision, the Circuit observed that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered" and that "Had the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse."

## III. Discussion

Based on its evaluation of the factors set forth in <u>Pioneer</u>, the Court finds that Movant has not demonstrated excusable neglect sufficient to warrant an extension under Rule 8002(d)(1)(B):

### 1. <u>Danger of Prejudice to the Opposing Party</u>

The Court finds that this factor is neutral or slightly in favor of Movant. While there is limited evidence of specific prejudice to the opposing party, finality in bankruptcy matters is especially important, and delay may hinder the efficient administration of the estate.

### 2. <u>Length of the Delay and Impact on Judicial Proceedings</u>

Movant filed the notice of appeal 13 days late. Although the delay was not extended, promptness is essential in bankruptcy cases, where delays can impair the finality and implementation of decisions. This factor weighs slightly against Movant.

### 3. <u>Reason for the Delay</u>

Movant's counsel concedes that the deadline was miscalendared because counsel mistakenly relied on Federal Rule of Appellate Procedure 4(a)(1)(A), which provides a 30-day period for the filing of a notice of appeal in civil cases, rather on Federal Rule of Bankruptcy Procedure 8002(a), which provides for a 14-day appeal period in bankruptcy cases. This was a clear legal error, made by an attorney with extensive experience in bankruptcy matters.

The Ninth Circuit in <u>Pincay</u> held that a misreading of the rules, even by experienced counsel, is not excusable neglect per se. The court stated that the determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 389 F.3d at 859. In <u>Pincay</u>, although the court affirmed a district court's decision to allow an extension where a paralegal committed the calendaring error, it also acknowledged that reliance on an incorrect legal rule by counsel is a weak justification and that courts have discretion to deny relief in such cases.

Here, unlike Pincay, counsel made a substantive legal error in applying the wrong procedural rule. The 14-day appeal deadline under Bankruptcy Rule 8002 is explicit and well-known in bankruptcy practice. The failure to recognize and apply it is not a minor oversight, but a fundamental misunderstanding of governing procedure. This factor weighs heavily against a finding of excusable neglect.

4. Good Faith

The Court finds no indication of bad faith. Movant acted promptly upon realizing the mistake. This factor weighs in favor of Movant.

Balancing the Factors

While the Movant appears to have acted in good faith and the delay was not extensive, the Court concludes that the reason for the delay—counsel's failure to apply the correct and plainly-stated procedural rule—was entirely within the reasonable control of Movant's counsel. As such, the Court, in the exercise of its discretion, finds that the overall balance of the Pioneer factors does not support a finding of excusable neglect on these facts.

**IV. Conclusion**

For the reasons stated above, the Court concludes that Movant has failed to establish excusable neglect under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B). Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Extend Time to File Notice of Appeal is DENIED.

###

Date: April 10, 2025

Sheri Bluebond
United States Bankruptcy Judge